U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WALTER MAGEE,<br>    Appellant | CIVIL ACTION<br>NO. CV05-544-A |
| VERSUS | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Walter Magee ("Magee") filed an application for disability insurance benefits on May 26, 2003, alleging a disability onset date of October 18, 2002, due to injuries to his left knee, leg and foot (Tr. pp. 50, 69). That application was denied by the Social Security Administration ("SSA") on July 31, 2003 (Tr. p. 27).

A de novo hearing was held before an administrative law judge ("ALJ") on August 2, 2004, at which Magee was present with his attorney and a vocational expert ("VE") (Tr. p. 280). The ALJ found that Magee suffers from a "severe" combination of impairments, which are status post-open reduction internal fixation of the left leg, left knee debridement, and osteoarthritis of the left knee (Tr. pp. 18, 23), and that Magee is closely approaching advanced age, has a high school education, and has the residual functional capacity to perform a limited range of light work. The ALJ concluded that Magee can perform work which exists in significant numbers in the national economy such as chauffeur, gate guard, and escort vehicle driver (Tr. p. 22) and, therefore, was not under a disability at any time through the date of the ALJ's

decision on October 27, 2004 (Tr. p. 24).

Magee requested a review of the ALJ's decision, but the Appeals Council declined to review it (Tr. p. 4), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Next, Magee filed this appeal for judicial review of the Commissioner's decision. On appeal, Magee contends the ALJ misapplied the Medical-Vocational Guidelines by erroneously characterizing the plaintiff's residual functional capacity as light work. The Commissioner filed a brief in response the appeal. Magee's appeal is now before the court for disposition.

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the

evidence must take into account whatever in the record fairly detracts from its weight. <u>Singletary v. Bowen</u>, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988); <u>Dellolio</u>, 705 F.2d at 125.

## Law and Analysis

Magee contends the ALJ misapplied the Medical-Vocational Guidelines by erroneously characterizing the plaintiff's residual functional capacity as light work and using Rule 202.13 of Table 2 in Appendix 2, Pt. 404, Subpt. P as a "framework."[1] Magee contends

---

[1] Rule 202.13 applies to individuals who are closely approaching advanced age, have a high school education, no work skills, and the ability to perform substantially the full range of light work.

3

he can perform the full range of sedentary work, as found by the ALJ, and that Rule 201.12 of Table 1 (sedentary work), Appendix II of the Medical-Vocational Guidelines, directs a finding of disabled.[2] At the time of his administrative hearing on August 2, 2004, Magee was 52 years old, had a high school education, and had past relevant work experience as a truck driver (Tr. pp. 68-70, 263, 269). The ALJ concluded Magee could not perform his past relevant work (Tr. p. 261), but could perform light work except as limited by the inability to stand and walk more than two hours in an eight hour day and the inability to push or pull with the left leg and, therefore, could work as gate guard, chauffeur, or escort vehicle driver (Tr. p. 22).

A claimant's impairments may cause physical or mental limitations that affect what he can do in a work setting. Residual functional capacity is a medical assessment, based upon all of the relevant evidence, of the work a claimant can perform despite his or her limitations. 20 C.F.R. §404.1545, §416.945. Although the burden of proof in a disability case is on the claimant to show that he is unable to perform his usual line of work, once that fact is established, the burden shifts to the Commissioner to show that the claimant is able to perform some other kind of substantial work available in the national economy. <u>Herron v. Bowen</u>, 788 F. 2d 1127, 1131 (5th Cir. 1986), and cases cited therein. Also,

---

[2] Rule 201.12 applies to individuals who are "closely approaching advanced age," have a high school education, have no skilled work experience, and can perform substantially the full range of sedentary level work.

Babineaux v. Heckler, 743 F.2d 1065, 1067 (5th Cir. 1984). The Commissioner has the burden to establish a claimant's residual functional capacity. Leggett v. Chater, 67 F.3d 558, 565 (5th Cir. 1995).

When the ALJ found that Magee could not return to his past relevant work as a truck driver (Tr. p. 21), the burden shifted to the Commissioner to show that Magee can perform other work in the national economy. Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983). The law provides that the Commissioner can meet that burden if he can prove that Magee's residual functional capacity, age, education and previous work experience match those set out in any "Rule" of the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids") that directs a conclusion that the claimant is not disabled. Sec. 200.00(a). The U.S. Supreme Court has upheld the use of these Guidelines by the Commissioner in lieu of calling a vocational expert to testify. Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Also, Harrell v. Bowen, 862 F.2d 471, 478 (5th Cir. 1988).

The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job. Fields, 805 F.2d at 1170.

For cases at the administrative law judge hearing level, the

ALJ has the responsibility for deciding a claimant's residual functional capacity. 20 C.F.R. § 404.1546, § 416.946. The ALJ must perform a "function-by-function" assessment of the claimant's ability to engage in work-related activities when making his RFC determination. SSR 96-8p. When making the RFC determination an ALJ must consider objective medical facts, diagnoses and medical opinion based on such facts, and subjective evidence of pain or disability testified to by the claimant or others. 20 C.F.R. § 404.1545(a). Moreover, the ALJ must specify the evidentiary basis for his RFC determination. SSR 96-8p. Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001).

In the case at bar, Magee contends the ALJ erred in concluding Magee can perform light work because he is unable to stand or walk for a prolonged period of time. However, Magee misstates the ALJ's conclusion; the ALJ found Magee could perform light work except as limited by the inability to stand and walk more than two hours in an eight hour day and the inability to push or pull with the left leg (Tr. p. 22). "Light work" is defined in 20 C.F.R. § 404.1567(b) as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these

activities." The Social Security regulations define sedentary work in §404.1567(a) as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Since Magee can lift more than ten pounds at a time, as he admitted during administrative hearing,[3] the ALJ correctly found Magee can do more then sedentary level work and concluded he can perform a limited range of light work.

Magee also contends the ALJ erred in characterizing his work level as less than the full range of light work instead of finding his work level is the full range of sedentary work. Magee points out that the ALJ specifically found Magee can perform a full range of sedentary work, and that Rule 201.12[4] of Table 1 (sedentary work), Appendix II directs a finding that he is "disabled." However, the ALJ found Magee can perform a limited range of light work which encompasses the full range of sedentary work. Magee does not dispute that he can lift more than ten pounds at a time, so he can perform work above the sedentary level.

---

[3] At his administrative hearing, Magee testified he could probably lift about 70 or 75 pounds (Tr. p. 245).

[4] Rule 201.12 applies to individuals who are "closely approaching advanced age," have a high school education, have no skilled work experience, and can perform substantially the full range of sedentary level work.

Residual functional capacity is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a). In Appendix 2, Sec. 200(a) of Part 404, Subpt. P, "residual functional capacity" is described as "used to determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work." According to these definitions, the heaviest work a claimant can perform is used to describe a claimant's residual functional capacity. Therefore, the ALJ correctly described Magee's residual functional capacity as a limited range of light work, rather than the full range of sedentary work, and Rule 201.12 (for sedentary work) is not applicable to Magee.[5]

Substantial evidence supports the Commissioner finding that Magee was not disabled on or before October 27, 2004.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the final decision of the Commissioner be AFFIRMED and that Magee's appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[5] Since Table 1 (sedentary work) of Appendix 2 is not applicable to Magee, Magee's technical argument as to whether Rule 201.14 (sedentary work and no transferrable work skills) or 201.12 (sedentary work and no work skills) applies to his case will not be considered. As Magee admits, both rules direct a conclusion of "disabled," so, even if they were applicable, the distinction would not change the result.

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE